SHAW, Justice
(concurring in the result in part and dissenting in part).
In my view, the three meetings that occurred on November 16, 2009, satisfy the definition of meetings of “committees” as contemplated by Ala.Code 1975, § 36-25A-2(6)a.3.
Section 36-25A-2(6)a.3 defines “meeting” as follows:
“The gathering ... of a quorum of a governmental body or a quorum of a committee or a subcommittee of a governmental body during which the members of the governmental body deliberate specific matters that, at the time of the exchange, the participating members expect to come before the body, committee, or subcommittee at a later date.”
The main opinion holds that a “meeting” occurs only if a committee or a subcommittee [10] meets for the purpose of deliberating on a matter that will come back before that committee or subcommittee. In other words, the main opinion reads the subsection as recognizing three distinct entities— governmental bodies, committees, and subcommittees — and holds that a gathering of (at least a quorum of) the members of one of those entities for the purpose of deliberation does not constitute a “meeting” unless the members expect to come back together again in the form of that particular discrete entity to further address that matter. This would also be the result if the subsection were modified to read:
“The gathering of a quorum of a governmental body or a quorum of a committee or a subcommittee of a governmental body during which the members of the governmental body deliberate specific matters that the participating members expect to come before that particular body, committee, or subcommittee at a later date.”
(Emphasis indicates added language.) Assuming, as the main opinion holds, that *135 this is a reasonable reading of the text, it is not the only reasonable reading.
Committees and subcommittees are not discrete entities that exist in a vacuum or that act alone. Instead, they are part of a larger body, in the case of this subsection of the Code, the governmental body, and, under the facts of the instant case, the Board. This is a common and usual understanding of the terms “committee” and “subcommittee.” Subcommittees deliberate on matters and then report to committees; committees deliberate on matters and then report to the governmental body as a whole. Although a governmental body, a committee, or a subcommittee may deliberate on a matter that will come before that particular entity again, committees and subcommittees necessarily also deliberate on matters that are anticipated to come before the greater body (unless a matter dies in committee). The subsection assumes the existence of and recognizes this hierarchy of potential deliberating entities, discussing the “quorum” of the governmental body separately from the collective “quorum” of a committee or a subcommittee that the subsection acknowledges are a part of a governmental body: “quorum of a committee or a subcommittee [that is part] of a governmental body....”
The text of § 36-25A-2(6)a.3 must be read with this customary and usual hierarchical arrangement of governmental bodies, committees, and subcommittees in mind. The key factor discussed in the main opinion appears to be the reference in the subsection to the expectation that the specific matters initially deliberated will “come before the body, committee, or subcommittee at a later date.” The main opinion interprets “the” to mean “that” or “that particular,” thus restricting the later attention to the “specific matter” to that same governmental body, committee, or subcommittee.
This restrictive use of the word “the” is not required. If a specific matter is deliberated by a committee or a subcommittee, given the ordinary and customary usage of those terms described above, it is not at all unusual that the matter would be addressed at some later date by “the body” of which they are a part. It is ordinary and customary to “expect” matters deliberated in a subcommittee “to come before” a superior committee or “the body” of which both are a part, and it is ordinary and customary to “expect” matters deliberated in a committee “to come before the body” of which it is a part.
What language could the legislature have used in the subsection to provide that the Open Meetings Act would apply to a deliberation by a body, a committee, or a subcommittee when the matters discussed were expected either to come back before that specific entity or to be referred to its superior entity? I submit that it could be the language actually found in the definition of the term “meeting” in § 36-25A-2(6)a.3:
“The gathering ... during which the members of the governmental body deliberate specific matters that, at the time of the exchange, the participating members expect to come before the body, committee, or subcommittee at a later date.”
The phrase “the body, committee, or subcommittee at a later date” could refer to the entity where the initial deliberation took place, or the superior entity.
The main opinion discards this possible reading, citing authority for the proposition that this Court rejects a construction of a statute that is “unworkable or unjust.” Specifically, the main opinion adopts the Board’s argument and states: “[S]uch an interpretation would mean that no two *136 members who happen to serve on any three-member committee of a greater governmental body could ever have even an informal discussion about any issue they expect to come not before their committee, but before the greater body.” 125 So.3d at 130 (emphasis omitted). However, this could be the exact situation the legislature intended to regulate. In Auburn University v. Advertiser Co., 867 So.2d 293, 301 (Ala.2003), this Court held that generally members of a body meeting in committees, which did not amount to a quorum of the body, did not fall under the auspices of the former Sunshine Law. The Sunshine Law was subsequently replaced by the Open Meetings Act, Act No. 2005-40, Ala. Acts 2005, which explicitly attempts to regulate governmental bodies meeting in committees and subcommittees.
In the instant case, the Board met in committees that consisted of a number less than a quorum of the full Board. This is the factual scenario this Court found exempt in Auburn under provisions of the former Sunshine Law, which the legislature saw fit to replace with the Open Meetings Act. It seems counterintuitive that the legislature could have intended to preserve the status quo in a scenario like this when it replaced the former Sunshine Law with the Open Meetings Act, which specifically addresses governmental bodies meeting in committees for the purpose of deliberating matters expected to receive further consideration at a later date.
Section 36-25A-2(6)a.3 could easily be read to apply the strictures of the Open Meetings Act to members of governmental bodies meeting in small informal groups for purposes of, in the words of Board member Charlotte Meadows, “avoiding] the public and the media.” And contrary to the concern expressed in the main opinion, not all informal discussions by two Board members would constitute a “meeting” under the subsection: the informal discussion must constitute a “deliberation,” as that term is defined in § 36-25A-2(l), by a “committee” or a “subcommittee.” The main opinion might correctly characterize such a situation as “inefficient or unusual.... However, it is our job to say what the law is, not to say what it should be.” DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998). Contrary to the conclusion reached in the main opinion, however, this construction is not “unworkable or unjust.”
The operative language of § 36-25A-2(6)a.3 is susceptible to at least two reasonable interpretations; therefore, it is ambiguous, and we thus may look beyond its plain language to determine the intent of the legislature. Ex parte National W. Life Ins. Co., 899 So.2d 218, 224 (Ala.2004). As Clay C. Slagle notes, this Court has explained:
“The public meeting, .requirement is for the benefit of the public to ensure that it has the opportunity to become informed as to the affairs of its governmental bodies. It is intended that the whole deliberative process be open to public scrutiny, rather than that there be the mere formal announcement of decisions already made in private.”
Miglionico v. Birmingham News Co., 378 So.2d 677, 680 (Ala.1979) (emphasis added). Citing established caselaw, Slagle states that he is asking for nothing more than a “liberal construction” of the term “meeting” in § 36-25A-2(6)a.3 so that “the deliberative process” used by governmental bodies, such as the Board in this case, will be open to the public. I believe that such a construction of § 36-25A-2(6)a.3 is appropriate here and requires the holding that the November 16, 2009, meetings were “meetings” under that provision of the Open Meetings Act.[11] I therefore ra- *137 spectfully dissent from the portion of the main opinion holding to the contrary.
As to the main opinion’s discussion of the issue whether the attendance of four of the Board members at a local event on June 15, 2009, constitutes a meeting, I express no opinion. Suffice it to say that I find Slagle’s argument insufficient to warrant further analysis under the applicable rules of statutory construction. Therefore, as to that portion of the main opinion, I concur only in the result.
BOLIN, J., concurs.

. Although discussed differently, no distinction is made in the Open Meetings Act between a "governmental body,” a "committee,” and a "subcommittee” and a "quorum” of such entities: a "quorum” of a "committee” is, practically speaking, the same as "the committee,” etc. The reference to a "quorum” in the subsection only illustrates that sufficient members of the entity are present for the entity to be constituted.

. The main opinion criticizes the "restriction'' resulting from this construction as "un *137 usual” and potentially as having a "crippling effect” on the ability of members of governmental bodies to, outside public view, engage in informal deliberations on official matters. The main opinion’s interpretation of § 36-25A-2(6)a.3, however, has the "unusual” result of enshrining into law the practice this Court found unaddressed by the Sunshine Law in Auburn University: members of governmental bodies can meet in small, one-time groups to deliberate issues that will come before the governmental body, so long as the issue will not again come before that particular group. If this Court’s interpretation of the Open Meetings Act, following the accepted principles of statutory construction of such laws as set out above, were to sweep too broadly, then it would be the legislature’s prerogative to narrow its language and thus its scope.